Richard M. Pachulski (SBN 90073)
Jeffrey W. Dulberg (SBN 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  rpachulski@pszjlaw.com
         jdulberg@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 7 Trustee



**FILED & ENTERED**

AUG 16 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| In re:<br><br>KSL MEDIA, INC., T.V. 10'S, LLC, and FULCRUM 5, INC.,<br><br>　　　　　　　　Debtors.<br><br>☐ Affects KSL Media, Inc.<br>☐ Affects T.V. 10's, LLC<br>☐ Affects Fulcrum 5, Inc.<br>☒ Affects All Debtors | Case No.: 1:13-bk-15929-MB<br><br>Chapter 7<br><br>Jointly Administered with Case Nos.:<br>1:13-bk-15930-MB and 1:13-bk-15931-MB<br><br>**ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND RELATED RELIEF**<br><br>Date:　　August 15, 2018<br>Time:　　11:00 a.m.<br>Place:　　Courtroom 303<br>　　　　　21041 Burbank Blvd.<br>　　　　　Woodland Hills, Ca 91367<br><br>Judge:　　Hon. Martin R. Barash |

After thorough consideration of the Motion of DAVID K. GOTTLIEB, the chapter 7 trustee ("Trustee") for the estates ("Estates") of the above-captioned jointly administered debtors ("Debtors"), requesting the entry of an order authorizing the sale of certain assets of the Debtors' Estates to Oak Point Partners, LLC ("Oak Point") pursuant to 11 U.S.C. §§ 105 and 363 and related terms ("Motion")[1] [Docket No. 2648]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

DOCS_LA:316122.2 47516/003

the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided and that further notice has been waived; and the Court having read and considered the Motion, and a hearing on the Motion having been held; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are designed to maximize the value to be achieved for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED:**

1. The relief sought in the Motion is GRANTED.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. §§ 105 and 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the consideration described in the Motion.

6. Pursuant to 11 U.S.C. § 363(f), the sale of Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, and encumbrances have on the Estates' right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. The Trustee and his professionals are authorized to take such action as is necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

DOCS_LA:316122.2 47516/003

8. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

9. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets; and shall vest Oak Point with all right, title, and interest in and to the Remnant Assets and proceeds thereof.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

###

Date: August 16, 2018

Benjamin P. Hursh
United States Bankruptcy Judge

3

DOCS_LA:316122.2 47516/003